IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Christopher Allan Rainey, #336389,** ) | Civil Action No. 9:12-0362-JFA-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| **Sgt. Roy Fuller, Debbie Y. Cooper,** ) | |
| **and Mrs. Taylor,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

The pro se Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On April 3, 2013, the Defendants filed a motion for summary judgment. As the Plaintiff is proceeding pro se, a Roseboro Order was entered by the Court on April 8, 2013, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to file a properly supported response, the Defendants' motion may be granted, thereby ending his case.

However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro Order, the Plaintiff failed to respond to the motion. In consideration of Plaintiff's pro se status, the Court filed a second Order on May 14, 2013, advising Plaintiff that it appeared to the Court that he was not opposing the motion and wished to abandon this action, but giving the Plaintiff an additional ten (10) days in which to file a response to the Defendants' motion for summary judgment. The Plaintiff was specifically warned that if he failed to respond, this action

1

would be recommended for dismissal with prejudice for failure to prosecute. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), Rule 41(b) Fed.R.Civ.P. No response to the Defendants' motion for summary judgment was thereafter filed with the Court. However, in a letter filed May 23, 2013, Plaintiff stated that he had responded to the Defendants' motion for summary judgment. See Court Docket No. 68. On July 1, 2013, Plaintiff filed a second letter with this Court stating that he had mailed four (4) manilla envelopes to defense counsel, and inquiring into the status of this case. See Court Docket No. 69. However, no response by Plaintiff to the Defendants' motion has been filed with the Court, and defense counsel advised the Clerk that they had not received a response in opposition from the Plaintiff.

Notwithstanding the fact that no response had been filed with the Court or received by defense counsel, in light of Plaintiff representation that he had submitted a response, the Court filed a third Order on July 2, 2013 granting Plaintiff yet another ten (10) days to file and serve his response to the Defendants' motion for summary judgment. Plaintiff was again specifically instructed that if he failed to do so, this action would be recommended for dismissal. However, notwithstanding having been granted an original response period of thirty-four (34) days, plus two (2) more extensions, and having been placed on notice twice that a failure by the Plaintiff to file a response to the Defendants' motion for summary judgment would result in the dismissal of his case, Plaintiff has failed to respond to the motion, which has now been pending for over three (3) months, or to even contact the Court by the deadline set by the Court in its last Order.

Based on the foregoing, the undersigned finds that Plaintiff meets all of the criteria



for dismissal under <u>Chandler Leasing Corp. V. Lopez</u>, 669 F.2d 929 (4th Cir. 1982).[1] Accordingly, it is **recommended** that this action be dismissed with prejudice for lack of prosecution. See <u>Davis v. Williams</u>, 588 F.2d at 70; Rule 41(b), Fed.R.Civ.P.; <u>see also</u> <u>Ballard v. Carlson</u>, 882 F.2d 93, 95 (4th Cir. 1989), <u>cert. denied sub nom</u>, <u>Ballard v. Volunteers of America</u>, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning].[2]

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

July 16, 2013
Charleston, South Carolina

---

[1] He is personally responsible for proceeding in a dilatory fashion, the Defendants are suffering prejudice due to having to expend time and resources on a case in which the Plaintiff is unresponsive, and no sanctions other than dismissal appear to exist as the Plaintiff is indigent (and therefore not subject to monetary sanctions) and he has otherwise failed to respond to Court filings despite Court orders requiring him to do so. <u>Lopez</u>, 669 F.2d at 920.

[2] After a litigant has received one explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Fed.R.Civ.P. 41(b), dismiss the complaint based upon the litigant's failure to comply with that court order. See <u>Simpson v. Welch</u>, 900 F.2d 33, 35-36 (4th Cir.1990). Here, Plaintiff has received no less than three warnings. See also <u>Ballard</u>, 882 F.2d at 95-96 (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

3

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



4